**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Dennis J. DZIEDZIC, Defendant-Appellant.**

**No. 73–1651.**

United States Court of Appeals, Ninth Circuit.

July 24, 1973.

Victor Sherman (argued), Beverly Hills, Cal., for defendant-appellant.

James W. Meyers, Asst. U. S. Atty. (argued), Harry D. Steward, U. S. Atty., Shelby R. Gott, Stephen G. Nelson, Asst. U. S. Attys., San Diego, Cal., for plaintiff-appellee.

Before CHAMBERS, HASTIE and CHOY, Circuit Judges.

OPINION

CHAMBERS, Circuit Judge:

The order appealed from is affirmed.

The mandate shall not issue without a motion therefor and a hearing thereon.

Here we have an unusual case, to wit:

On May 1, 1972, Dziedzic was sentenced to ten years in the federal penitentiary with a recommendation that the parole board give early consideration to parole.

On August 31, 1972, counsel for Dziedzic filed a motion to reduce sentence.

On September 18, 1972, the district judge modified the sentence to provide by his order that the defendant should have probation for five years.

Then on October 20, 1972, the government filed a motion to correct illegal sentence because the motion to reduce sentence had come too late, that is, three days after the 120 day limit of Rule 35, F.R.Crim.P. On December 14, 1972, the district judge indicated that he believed the government was right. Therefore, the sentence of May 1, 1972, was reimposed, but with a proviso that Dziedzic could be on bail pending the parole board decision on parole. The parole board takes the view that Dziedzic must give up his job, on which he has performed excellently, and report into the penitentiary and await his turn to be considered by the board.

Dziedzic did commit a heinous crime. But the district court believes him thoroughly rehabilitated and does not want him incarcerated. The statute precludes the court from reconsideration now because of the lapse of time.

Naturally, the board is a little shy, fearing a precedent. It does seem to us that when a court requests in such unusual circumstances that a parole be considered in advance of incarceration, the board will not be setting a dangerous precedent if it is done only on a request of a court.

We respect the board's right to pass its own independent judgment on the circumstances, but we doubt its position of insisting on possibly ruining the balance of a man's whole life because of its technicalities. Thus, we make the order we do.

It should be noted that altogether Dziedzic has been incarcerated about twenty-five months.

The United States attorney is requested to attempt to secure a parole board hearing for Dziedzic on his application for parole without the incarceration requirement.

The government somehow should be flexible enough to accommodate itself to the needs of this case.